Douglas M. Schumacher, State Bar No. 012876
Schumacher Law Firm
12625 North Saguaro Boulevard, Ste. 115
Fountain Hills, Arizona 85268
Telephone: 480.315.8807
douglas@shoelawaz.com

Attorneys for Plaintiffs Milton M. Gabaldon and MMDCNG, L.L.C.

# UNITED STATES DISTRICT COURT

## For the

## District of Arizona

| | |
|---|---|
| MILTON M. GABALDON, an individual; and MMDCNG, L.L.C., an Arizona Limited Liability Company doing business as THE TAP HOUSE BAR & GRILL,<br><br>Plaintiffs,<br><br>vs.<br><br>MARICOPA COUNTY; and W. VOELTZ,<br><br>Defendants. | Cause No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs Milton M. Gabaldon and MMDCNG, L.L.C. dba The Tap House Bar & Grill ("Plaintiffs"), by and through their undersigned counsel, and for their Complaint against Defendants Maricopa County and officer W. Voeltz, state and allege the following:

## INTRODUCTION

1. This is an action to recovery monetary damages pursuant to the Civil Rights Act, 42 U.S.C. § 1983, based upon violations of the United States and Arizona State Constitution, and Arizona Statute.

. . .

. . .

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and pendent/supplemental jurisdiction over claims asserting violations of Arizona State Law pursuant to 28 U.S.C. § 1367 because in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Milton M. Gabaldon is an individual who, during the time periods alleged in the Complaint, was a resident of Maricopa County, Arizona. Milton M. Galbadon is a Member and owner of MMDCNG, L.L.C. dba The Tap House Bar & Grill ("Tap House"). Milton M. Galbadon is also the sole owner and license holder for the liquor license issued to Milton M. Galbadon for use at the premises where The Tap House Bar & Grill maintains its Principal Place of Business at 16828 E. Parkview, Ste. Numbers B & C, Fountain Hills, Arizona 85268.

4. Defendant Maricopa County, during the time periods alleged herein, operated in the name of and capacity as the Maricopa County Sheriff's Office ("MCSO").

5. Defendant W. Voeltz, during the time periods alleged in this Complaint, was an employee of Maricopa County, and acting within the scope and in his official capacity as a police officer of the Maricopa County Sheriff's Department. All alleged acts, conduct, omissions and breaches alleged against Defendant W. Voeltz occurred in Maricopa County, Arizona.

. . .

6. This Court has personal jurisdiction of the claims asserted in this matter as the alleged acts, conduct, omissions, and breaches occurred within Maricopa County, Arizona, against Plaintiffs who are either residents of and/or have their Principal Place of Business located in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

7. The Tap House, during the time periods alleged in this Complaint was a dine-in and take out restaurant, which sold both food and alcoholic beverages to its customers.

8. During the time periods alleged in this Complaint, Arizona Governor, Doug Ducey, issued Executive Orders as it related to the COVID 19 pandemic. Accordingly, during the time periods alleged in this Complaint, Milton Galbadon and The Tape House were closed to in-person and on-site dining, and were only selling food and beverage on a to-go basis.

9. Defendant MCSO created or adopted a custom, policy and/or practice of investigating and enforcement of the Executive Orders of Governor Doug Ducey, including but not limited to Executive Order No. 2020-09, which custom, policy and/or practice also included notifying the State of Arizona Department of Liquor Licenses and Control of what MCSO believed to be a violation of Executive Order 2020-09. [A copy of Executive Order No. 2020-09 is set forth as Exhibit A to this Complaint, and incorporated herein by reference].

. . .

. . .

. . .

10. Defendant W. Voeltz, pursuant to the custom, policy and/or practice of MCSO conducted on-site investigations into alleged violations by Plaintiffs Milton M. Gabaldon and the Tap House, beginning on April 3, 2020 up and through April 25, 2020. [Copies of the incident reports prepared by Defendant W. Voeltz following his investigations are set forth as Exhibit B to this Complaint, and incorporated herein by reference].

11. Based upon the investigations performed by W. Voeltz, MCSO reported an alleged violation of Governor Ducey's Executive Order No. 2020-09, and alleged violations of A.R.S. § 4-210.A.2 and A.R.S. § 4-210.A.10 [See Investigative Report of State of Arizona Liquor Department ("Arizona Liquor Department"), dated June 23, 2020, together with the Summary of Defendant W. Voeltz' investigative findings, set forth as Exhibit C to this Complaint, and incorporated by reference].

12. The Investigative Report and the Summary of Defendant W. Voeltz' alleged investigation findings claim that the Tap House and Milton Gabaldon violated Executive Order 2020-09 on April 10, 2021 because of the following alleged findings: *"Tap House was open and serving customers in violation of Governor Ducey's Executive Order, # 2020-09. The Deputy observed three (3) customers inside the bar with open containers of alcohol. The deputy identified each customer as a witness"*. [See Investigative Report of State of Arizona Liquor Department, dated June 23, 2020, together with the Summary of Defendant W. Voeltz' investigative findings, set forth as Exhibit C to this Complaint, and incorporated by reference].

. . .

. . .

13. As a result of the custom, policy and practice of MCSO of conducting such an investigation into an alleged violation of Executive Order 2020-09, and Defendant W. Voeltz' investigation and communication of such alleged findings to the Arizona Liquor Department, Plaintiffs Milton M. Gabaldon and the Tap House were notified by the Arizona Liquor Department on June 23, 2020 that they had violated the following Arizona Statutes: A.R.S. § 4-210.A.2 and A.R.S. § 4-210.A.10, which carried monetary penalties of $3,500.00. Following notice and a hearing, the Arizona Department of Liquor has the authority to suspend, revoke or to refuse renewal of such liquor license. [See letters from Arizona Liquor Department, dated July 9, 2020, set forth as Exhibit D to this Complaint and which are incorporated herein by reference.].

14. Plaintiffs, through counsel, notified the Arizona Liquor Department that the allegations made against them were false and not supported by the evidence. Notwithstanding the providing of this information and documentation, the Arizona Department of Liquor has refused to withdraw the charges made against Plaintiffs which originated from the acts, conduct, omissions and breaches of Defendants MCSO and W. Voeltz.

15. The alleged findings by Defendant W. Voeltz against Plaintiffs Milton M. Gabaldon, which were then communicated to the Arizona Department of Liquor, were intentionally false, misleading and defamatory for at least the following reasons:

  A. The Incident Report for April 10, 2021 does not contain any factual findings which are consistent with the information communicated by MCSO and W. Voeltz to the Arizona Department of Liquor. [See Incident Reports generated by MCSO and W.

Voeltz, dated April 3, 10 and 25, 2021, set forth collectively as Exhibit C, the contents of which are incorporated herein by reference].

      B.    The Affidavits of those persons listed as witnesses in the Investigative Report provided by Defendants MCSO and W. Voeltz refute the factual allegations contained in the Investigative Report. [See Affidavits of Jeffrey Woolbright, Tina Woolbright and Charles Ellis II, set forth as Exhibit E, the contents of such affidavits which are incorporated herein by reference].

      C.    The Investigative Report, identified as Exhibit C, claims that MCSO provided support for violations of Executive Order 2020-09 on both April 14, 2021 and April 16, 2021. However, despite requests for any evidence, including incident reports prepared by or for MCSO to support such alleged violations, no Incident Reports have been produced by MCSO for the dates of April 14, 2021 and/or April 16, 2021. [See Incident Reports generated by MCSO and W. Voeltz, dated April 3, 10 and 25, 2021, set forth collectively as Exhibit B, the contents of which are incorporated herein by reference].

      D.    MCSO produced an Incident Report, dated April 25, 2021, which was prepared in response to an allegation that The Tap House and Milton Galbadon were again allegedly violating Executive Order 2020-09 by, *inter alia,* having customers inside of the restaurant. This Incident Report indicated that the findings by another officer did not support the allegations of the third party. [See Incident Report generated by MCSO and W. Voeltz, dated April 25, 2021, set forth collectively as Exhibit B, the contents of which are incorporated herein by reference].

. . .

E. Upon information and belief, the Incident Report associated with the April 25, 2021 visit, which is set forth within Exhibit E, which alleges the same facts contained within the Investigative Report, disputes any violation by Plaintiffs. Yet, the Incident Report of April 25, 2021, was apparently not sent by MCSO to the Arizona Department of Liquor.

16. Plaintiffs Milton Gabaldon and The Tap House filed a Notice of Claim against Maricopa County and W. Voeltz. [See Notice of Claim set forth as Exhibit F, the contents of which are incorporated herein by reference].

## COUNT I – VIOLATION OF CIVIL RIGHTS

17. Plaintiffs re-allege the allegations contained in Paragraphs 1-16 of this Complaint and incorporate along with all exhibits by reference.

18. 42 U.S.C. § 1983 permits a Plaintiff to assert a civil rights claim against Defendants if they have acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.

19. Defendants Maricopa County and W. Voeltz acted under color of the laws and Executive Orders of the State of Arizona when MCSO enacted and/or adopted a custom, policy and practice to investigate and enforce Executive Orders issued by Arizona Governor Doug Ducey, and Defendant W. Voeltz conducted his investigations, prepared his reports, and communicated to findings to the Arizona Liquor Department for the purpose of initiating and/or aiding in the prosecution of Plaintiffs for the alleged violation of Doug Ducey's Executive Orders and Arizona Statutes.

. . .

20. The Arizona Constitution, Statutes and U.S. Constitution grant the following rights:

    A. A.R.S. Const. Art. II, § 4 states that: No person shall be deprived of life, liberty, or property without due process of law. See also, Fourth and Fourteenth Amendments to United States Constitution, which prevents unreasonable searches and seizures in the absence of a warrant predicated upon probable cause.

    B. A.R.S. Const. Art. II, § 8 states that: No person shall be disturbed in his private affairs, or his home invaded, without authority of law.

    C. A.R.S. § 26-317, the legal authority upon which Governor Ducey issued his Executive Orders, states in relevant part: *Any person who violates any provision of this chapter or who knowingly fails or refuses to obey any lawful order or regulation issued as provided in this chapter shall be guilty of a class 1 misdemeanor. This provision does not apply to the refusal of any private organization or member thereof to participate in a local emergency or state of emergency as defined by this chapter.*

    D. A.R.S. Const. Art. II, § 13 No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations. See also, Fourteenth Amendments to United States Constitution

21. Defendants violated Plaintiffs' rights by intentionally doing the following:

    A. MCSO enacted and/or adopted a custom, policy and practice to investigate and enforce Executive Orders issued by Arizona Governor Doug Ducey upon businesses and its members when the Arizona Statute upon which the Executive Order was

established clearly indicates that it does not apply to a private organization or member.

  B. W. Voeltz conducted investigations, prepared findings and submitted such findings to the Arizona Liquor Department based upon an Executive Order which by originating Arizona Statute indicated did not apply to private businesses or its members.

  C. W. Voeltz intentionally submitted false findings to the Arizona Liquor Department for prosecution which he knew or should have known were false, and such false findings resulted in the issuance of alleged violations of Arizona Liquor Department statutes which claims remain pending and have thus interfered with Plaintiff's property rights.

  D. W. Voeltz entered a closed business in the absence of a warrant, without consent, and without any exceptions that would have allowed him to enter the premises.

  E. MCSO did not equally investigate and apply Governor Ducey's Executive Orders during the COVID pandemic.

22. By reason of the foregoing, Plaintiffs have suffered damages, and will continue to suffer damages as a result of the intention violations of Plaintiff's Civil Rights, with such damages to be disclosed during discovery and disclosure, and proven during trial.

WHEREFORE, Plaintiffs, and each of them, pray for judgment against Defendants Maricopa County and/or W. Voeltz as follows:

1. For Special and General Damages in an amount to be proven at trial.

2. For pre-judgment and post-judgment interest thereon at the statutory rate;

3. For attorney's fees and taxable costs of suit.

4. For such other relief as the Court deems just and proper.

# CERTIFICATION AND CLOSING

Pursuant to Rule 11, *Federal Rule of Civil Procedure*, by signing below, I certify to the best of my knowledge, information and belief, that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

/s/Douglas M. Schumacher
Douglas M. Schumacher

FILED this 10th day of April, 2021

DOUGLAS M. SCHUMACHER, P.C.


/s/Douglas M. Schumacher
Douglas M. Schumacher, Esq.
12625 North Saguaro Boulevard, Ste. 115
Fountain Hills, Arizona 85268
Attorneys for Plaintiffs Milton M. Gabaldon
And MMDCNG, L.L.C. dba The Tap House Bar & Grill

. . .

. . .

. . .

. . .

. . .

**CERTIFICATE OF SERVICE**

I certify that on the 10th day of April, 2021, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing.

/s/Douglas M. Schumacher