

# NOTICE OF CLAIM

| Date of Loss | Time of Loss | Location of Loss |
|---|---|---|
| 7/9/2020 | ☐ AM ☒ PM | 16828 E. Parkview Avenue, Fountain Hills, AZ |

**Person or Entity Against Whom the Claim is Asserted**
Maricopa County / Maricopa County + officer W. Voeltz

| Claimant Last Name | First Name | Date of Birth | Social Security # | If Minor, Give Parent/Guardian Name |
|---|---|---|---|---|
| Gabaldon MMDGNG, LLC. | Milton | 2/05/1959 | 52504662 | N/A |

| Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|
| 16828 E. Parkview Avenue | Fountain Hills | AZ | 85268 | 505 553 1802 |

**Description of Occurrence**
See Attached Exhibit A.

**Describe Damage to Property**
See Attached Exhibit A.

**If Person(s) Injured, List the following information on all injured parties**

| Name | Address | Description of Injury | Date of Birth | Telephone |
|---|---|---|---|---|
| See attached Exhibit A | " | " | " | ( ) - |

| Responding Police Agency: | MCSO | Police Report #: | IR20010603 |
|---|---|---|---|

**Claimant Vehicle Information**

| Make | Model | Year | License Plate # |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**County Vehicle Information**

| Unit Number | Department | County Driver | License Plate # |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**If Witnesses are available, provide the following information**

| Name | Address | Telephone |
|---|---|---|
| See attached Exhibit B. | | ( ) - |
| | | ( ) - |

Specific amount for which your claim can be settled: $2 Million US Dollars.
Claimant Signature: [signature] and on Behalf of MMDGNG LLC
Date: Oct 12, 2020

If you have questions about this form or your claim, it is your responsibility to seek legal advice on your own and at your expense. Please do not call or otherwise contact any employee of Maricopa County or any employee of its officers, boards or districts, to seek assistance with filing a notice of claim or seek any other assistance with respect to your claim. No officer or employee of Maricopa County is authorized to provide legal advice or assistance with the preparation or filing of your claim. If you rely on any information furnished directly or indirectly by any officer or employee of Maricopa County, you proceed at your own risk.

If your claim involves a road condition, complete the Road Condition Supplement and mail it with this form.

Notice of Claim rev. 11/20/2014



# To Whom It May Concern:

In order to file a civil lawsuit against a public entity or employee under state law, a proper claim must first be filed. Please refer to Arizona Revised Statutes 12-821, 12-821.01 and 11-622 as well as other statutes, which provide certain requirements with regard to presenting claims and filing lawsuits against public entities and public employees.

For claims against Maricopa County, the individual members of the Board of Supervisors, and any other Special District where the Board Members serve as the Board of Directors for the individual District(s), e.g., the Flood Control District, the Stadium District, the Library District, etc., complete all items on the Claim Form and return by mail or hand-delivery to:

> **Clerk of the Board of Supervisors**
> **301 W. Jefferson**
> **10th Floor**
> **Phoenix AZ 85003**

A Notice of Claim being asserted against any other county employee, elected officer(s), or other individual must be served on that person or his or her designee. For claims against the following Maricopa County elected officials, please mail or hand-deliver the Notice of Claim form to:

| | |
|---|---|
| **Assessor:** | 301 West Jefferson, Ste. 120, Phoenix AZ 85003 |
| **County Attorney:** | 301 West Jefferson, Ste. 800, Phoenix AZ 85003 |
| **School Superintendent:** | 4041 North Central, Ste. 1100, Phoenix AZ 85012 |
| **Recorder:** | 111 South 3rd Avenue, Ste. 103, Phoenix AZ 85003 |
| **Sheriff:** | **Legal Liaison Section, Compliance Division, 550 West Jackson, Phoenix AZ 85003** |
| **Treasurer:** | 301 West Jefferson, Ste. 100, Phoenix AZ 85003 |

In addition to any information provided on this form, please provide copies of any documents that would support your claim (*i.e.*, estimates, bills, police report, etc.).

Pursuant to A.R.S. § 12-821 all civil lawsuits against any public entity or public employee must be brought within one year after the cause of action accrues and not afterward. Other time limits may also affect your claim/lawsuit.

This page contains general advice; each user should conduct his own research to determine how to proceed.

# EXHIBIT A TO NOTICE OF CLAIM

On July 9, 2020, the State of Arizona Department of Liquor License and Control sent Claimants Milton M. Gabaldon and MMDCNG, L.L.C. dba The Tap House Bar & Grill located at 16828 E. Parkview Avenue, Ste. Numbers B & C, Fountain Hills, Arizona, a Notice of Violation of A.R.S. 4-210.A.2 and A.R.S. 4-210.A.10 and Governor Doug Ducey's Executive Order No. 2020-09 [See Notice of Violation, set forth as Exhibit 1].

The basis for the Notice of Violation was and is the findings contained in an investigation and report prepared by MCSO law enforcement officer and Deputy, W. Voeltz, Badge No. S1658, from information he generated during his investigations performed at The Tap House Bar & Grill on April 3, 2020, and April 10, 2020, and then submitted by officer Voeltz and the MCSO to the State of Arizona Department of Licenses and Control [See Investigation Report, together with Narrative, set forth as Exhibit No. 2].

The law upon which officer W. Voeltz and MCSO relied upon to conduct its warrantless search and issue its findings and report of a violation of Governor Doug Ducey's Executive Order No. 2020-09 does not apply to Private Organizations. More specifically:

A.R.S. 26-317, in relevant part, states: Any person who violates any provision of this chapter or who knowingly fails or refuses to obey any lawful order or regulation issued as provided in this chapter shall be guilty of a class 1 misdemeanor. <u>This provision does not apply to the refusal of any private organization or member thereof to participate in a local emergency or state of emergency as defined by this chapter.</u> (Emphasis added).

Under A.R.S. § 1-213, "words and phrases shall be construed according to the common and approved use of the language. Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning." A.R.S. § 1-213. "Private organization" is not a technical term, nor is it defined in the statute. Thus, the Court must interpret the phrase on its face; a long-standing statutory interpretation practice in Arizona courts. Consistent with precedent, Arizona courts must, "look primarily to the language of the statute itself and give effect to the statutory terms in accordance with their commonly accepted meanings, unless the legislature has offered its own definition of the words or it appears from the context that a special meaning was intended." *Mid Kansas Fed. Sav. and Loan v. Dynamic Dev. Corp.*, 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991); *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990).

"If a statute's language is clear and unambiguous, the court will give it effect without resorting to other rules of statutory construction." *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991); *State v. Reynolds, 170 Ariz. 233, 234, 823 P.2d 681, 681 (1992).* Ambiguity only exists "if there is uncertainty about the meaning or interpretation of a statute's terms." *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994) citing *State v. Sweet*, 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). "Words in a statute are given their ordinary meaning unless the context in which they are used suggests another meaning." *Bentley v. Bldg. Our Future*, 217 Ariz. 265, 267, 172 P.3d 860, 862 (Ct. App. 2007).

On its face, the term "private organization" commonly refers to any non-government, privately owned organization or business. This language is clear and unambiguous and therefore, the Court need only apply this plain meaning. Therefore, as stated clearly in the statute itself, A.R.S. § 26-317 does not apply to Mr. Milton Gabaldon's privately owned business.

Because The Tap House Bar & Grill was and is a "private organization," and Milton Gabaldon is a Member of such private organization, the Executive Order upon which MCSO and its Deputy, W. Voeltz conducted its investigation and reported findings to the State of Arizona was without legal authority.

The investigation was performed without a warrant, and without the consent of Claimants. Moreover, when Deputy W. Voeltz performed his second investigation on April 10, 2020, The Tap House Bar & Grill was closed to the public.

Information provided by Deputy W. Voeltz and MCSO to the State of Arizona Department of Liquor License and Control was also false. By example, but without limitation, Deputy Voeltz claims that customers were present within The Tap House Bar & Grill during his investigation, and identifies several witnesses. Claimant has interviewed these purported witnesses. Two of the witnesses were not customers, but a vendor performing upgrades to a television system on the premises, another purported witness had never been to The Tap House Bar & Grill, another witness was an employee of The Tap House Bar & Grill who was completing his work for the night, and the other purported witness could not be located during Claimants' own independent investigation [See Affidavits of Mr. & Mrs. Woolbright, and Mr. Charles Ellis, set forth collectively as Exhibit No. 3].

. . .

The Tap House Bar & Grill, by virtue of Executive Order 2020-9, and the Executive Orders which followed prior to Deputy W. Voeltz' and MCSO's investigation only prohibited "on-site dining," but did not prohibit take-out, delivery and other forms of take-away dining. Claimants did not engage in a violation of Executive Order 2020-09, and those Executive Orders which followed prior to the alleged acts and conduct which form the basis of the alleged violations by Claimants upon which the State of Arizona Department of Liquor Licenses and Control relied upon to issue its Notice of Violation.

Furthermore, assuming for the sake of argument that the acts alleged to have occurred on April 3, 2020 qualify as "on-site dining," then the acts alleged to have occurred on April 10, 2020, which did not involve customers on the premises during working hours, was not a violation of Governor Doug Ducy's Order, dated 2020-09, *inter alia,* even assuming it applied to such private organization for the sake of argument.

There were other businesses in Fountain Hills, Arizona who were investigated for alleged violation of Governor Doug Ducey's Order No. 2020-09, inter alia, some of which were the subject of multiple complaints. These businesses which also sold alcoholic beverages, were not, however, referred by MCSO to the State of Arizona Department of Liquor Licenses and Control. As such, Claimants were also treated differently than other citizens and businesses which amounts to a violation of the Equal Protection Clause of the Constitution.

. . .

. . .

. . .

Claimants have been damaged the acts, conduct and omissions of Deputy W. Voeltz and MCSO in that there liquor license has been placed into legal jeopardy, they are having to defend legally baseless allegations made against them based upon information that was also gained illegally, and their business and reputation has been damaged.

Claimants offer to settle and accept the sum of $2,000,000.00 to settle any and all claims against Deputy W. Voeltz and MCSO.

EXHIBIT NO. 1



## State of Arizona
## Department of Liquor Licenses and Control

DOUGLAS A. DUCEY  
GOVERNOR

JOHN COCCA  
DIRECTOR

July 9, 2020

Milton M. Gabaldon, Agent  
MMDCNG LLC  
Parkview Tap House Bar & Grill  
16828 E. Parkview Avenue #B & C  
Fountain Hills, Arizona 85268

Re: Liquor License #012070004072

Licensee:

We have received Report No.20-000603 from the Department's Investigation Unit alleging the following violation(s):

| Date of Violation | Statute | Description |
|---|---|---|
| June 23, 2020 | 4-210.A.2 | **Licensee fails to maintain capability, qualification and reliability** |
| June 23, 2020 | 4-210.A.10 | **Failure to protect the safety of patrons** |

1) You may sign the attached agreement and pay the **reduced** penalty offered in the department's mail-in program. If you choose this option, please return the signed agreement to the department (800 West Washington, Fifth Floor, Phoenix, AZ 85007) by the due date given on the bottom of the second page of this letter. Acceptable forms of payment are: Cashier's Check, Certified Funds or Money Order, made payable to the Department of Liquor Licenses and Control or by Charge Card (In Person) or On-Line via the department's E-Licensing Portal (Registration required).

OR

2) You may choose to discuss the violation(s) with the department's Compliance Officer. To do so, you must call **(602) 542-9043** within **10 days from the date of this letter** to schedule an informal meeting.

OR

3) If you fail to either make payment by the due date given on the bottom of the second page of this letter or schedule an informal meeting with the department's Compliance Officer, **a complaint will be filed against you** and this matter will be set for a hearing before an Administrative Law Judge through the Office of Administrative Hearings.

If you have any questions, please call us at 602-542-9043.

Manuel G. Escudero  
Compliance Unit

**Department of Liquor Licenses and Control**
Compliance Department
800 West Washington, Fifth Floor
Phoenix, AZ 85007

Milton M. Gabaldon, Agent
MMDCNG LLC
Parkview Tap House Bar & Grill
16828 E. Parkview Avenue #B & C
Fountain Hills, Arizona 85268

**MAIL-IN CONSENT AGREEMENT**
**Compliance Action No.000325-20**

Re: License #012070004072

DLLC Case #20-000603
Police Agency: DLLC

By executing this mail-in consent agreement, the Licensee:

    Waives any right to a compliance meeting with a representative of the Department of Liquor Licenses and Control;

    Waives any right to a hearing before an Administrative Law Judge through the Office of Administrative Hearings; and

    Admits that sufficient evidence exists to uphold the violation; therefore, the Licensee hereby consents to the following violation(s), agreeing to pay the **reduced penalty by the date specified at the bottom of this page**.

| Date of Occurrence | Statutory Violation | Description | Penalty Assessed |
|---|---|---|---|
| June 23, 2020 | 4-210.A.2 | Licensee fails to maintain capability, qualification and reliability | $2,000.00 |
| June 23, 2020 | 4-210.A.10 | Failure to protect the safety of patrons | $1,500.00 |
|  |  |  |  |

```
Total Penalty Assessed ......................................$3,500.00
Mail-in Program Reduction...................................$1,750.00
***Total penalty if paid by specified date...............$1,750.00
(Enclose your payment along with this signed form to the Department of Liquor Licenses and Control,
800 W. Washington, Fifth Floor, Phoenix, AZ 85007)
```

Date: _____  By: _____
                                                               Please sign name

                                                        _____
                                                              Please print name

***<u>Payment in the form of Cashier's Check, Money Order or Certified Funds must be received on or before August 9, 2020. This is a one-time mail-in offer made available to reduce administrative costs. Charge Card payments available (in person) or On-Line Via the E-Licensing Web Portal (Registration required).</u>

Revised 6/1/07

EXHIBIT NO. 2



# State of Arizona
# Department of Liquor Licenses and Control
# Investigation Report

## Case Information

| Case Number: | 20-000603 | Type of Report: | E.O. Violation |
|---|---|---|---|
| Assigned To: | Schrimpf, Steven | Actual Insp. Date: | June 23, 2020 |
| Complaint Source: | Law Enforcement | Date of Incident: | June 23, 2020 |
| | | Inv. Priority: | High |

## License Information

| License Number: | 012070004072 |
|---|---|
| Location Name: | PARKVIEW TAP HOUSE BAR & GRILL |
| Address: | 16828 E PARKVIEW Avenue<br># B & C<br>FOUNTAIN HILLS, AZ 85268<br>USA |

| Owner/Agent Name: | MILTON MICHAEL GABALDON | Phone: | (505) 553-1802 |
|---|---|---|---|

## Complainant Information

| Complainant Name: | Maricopa County Sheriff's Office | DR #: | IR20010603 |
|---|---|---|---|
| Address: | Fountain Hills, AZ | Phone: | |
| Date Received: | 04/17/2020 | Received By: | Steve Schrimpf #41 |

## Violations

| Admin. Counts | Criminal Counts | Violation Code | Violation Description |
|---|---|---|---|
| 1 | | 4-210.A.2 | Failure to Protect Patrons / Violating E.O. #2020-09 |

## Summary

MCSO discovered that this business was violating the Governor's Executive Order on 04/14/20. The business was given a warning and requested to comply with EO #2020-09. On 04/16/20 MCSO discovered that this business was again violating EO #2020-09 and issued another warning and notified the Liquor Department.

## Findings

| | Investigator | Inv. Supervisor | Inv. Chief | Compliance |
|---|---|---|---|---|
| Actionable/By: | Schrimpf, Steven | Kuhl, Wesley | | |
| Date: | 06/23/2020 | | | |
| Reason Non-Actionable: | | | | |
| Compliance Comment: | | | | |

Other Violations:

Citations:

Suspects:

Witness/Subpoena List:
Deputy W. Voeltz #S1658
Maricopa County Sheriff's Office
550 West Jackson Street
Phoenix, Arizona 85007

Milton Gabaldon, Licensee
Parkview Tap House #012070004072
16153 East Glenview Drive
Fountain Hills, Arizona 85268

Detective Steve Schrimpf #41
Arizona Department of Liquor
800 West Washington Street, Suite 500
Phoenix, Arizona 85007

Aguilar Sanchez, Tap House employee


David Illsley, Customer/Witness


Charles Ellis, Customer/Witness


Jeffrey Woolbright, Customer/Witness


Property/Evidence List:

Attachments:
MCSO report #IR20010603
Public Access
Executive Order #2020-09

Narrative:

A review of a submitted Maricopa County Sheriff's Office incident report, #IR20010603, presented information that Milton Gabaldon, the licensee for the Parkview Tap House in Fountain Hills, Arizona, violated Executive Order #2020-09 when, on 04/10/2020, he was open for business and serving customers after he was given a verbal warning to stop and voluntarily comply with the Governor's Executive Order by MCSO Deputy Voeltz on 04/03/2020.

1st VERBAL WARNING: Given by Deputy Voeltz to Milton Gabaldon on 04/03/2020, after the deputy responded to a complaint that the Parkview Tap House was open and serving customers in violation of Governor Ducey's Executive Order, #2020-09. At that time the deputy observed nine (9) patrons consuming alcohol from open containers immediately outside of the backdoor of the restaurant.

2nd VERBAL WARNING: Given by Deputy Voeltz to Milton Gabaldon on 04/10/2020, after the deputy responded to a complaint that the Parkview Tap House was open and serving customers in violation of Governor Ducey's Executive Order, #2020-09. The deputy observed three (3) customers inside the bar with open containers of alcohol. The deputy identified each customer as a witness.

On 04/14/20 I telephoned Milton Gabaldon and spoke with him regarding this violation. Mr. Gabaldon admitted to the offense and then agreed to comply with the Executive Order moving forward. Gabaldon did not mention me calling the DLLC for advice or being given permission to serve customer via the rear door.

This case will be submitted to the Compliance Section for adjudication.

Detective Steve Schrimpf #41

EXHIBIT NO. 3

# AFFIDAVIT OF JEFFREY WOOLBRIGHT

County of Maricopa

Jeffrey Woolbright, being first duly sworn, upon his oath, deposes and says:

1. My name is Jeffrey Woolbright. I am a resident of Fountain Hills, Arizona.

2. I own a company called Integrated Automation which installs low voltage wiring and television equipment.

3. On April 10, 2020, I was present on the premises of a local business called The Tap House, which is a client of my company. The purposes of my presence at The Tap House on April 10, 2020 was to reconfigure the existing cable television system for The Tap House at the request of its owner Milton.

4. An invoice reflecting the work being performed at The Tap House on April 10, 2020 is attached.

5. My presence at The Tap House on April 10, 2020 was not as a customer of the restaurant, which was open for carry out orders only, but was as a vendor to reconfigure the existing cable television system which took approximately eight hours.

**Integrated Automation, LLC**
14018 N Shiloh Way
Fountain Hills, AZ 85268
(602) 622 2206
Admin@thebestav.net



**BILL TO**
Milton Gabaldon
The Tap House
16828 E Parkview Ave
Fountain Hills, AZ 85268

| | | | |
|---|---|---|---|
| Xantech HDBaseT 4x4 Matrix Kit with 4 HDBT Receivers - 70m | 1 | 2,159.00 | 2,159.00T |
| IR Emitter - 2 Pack | 12 | 25.00 | 300.00T |
| The gSC10 features a faster CPU, more memory, extensive I/O and updated connectivity. It is designed to integrate medium to extra-large projects. DONATED FROM BRIAN AT ELAN RETAIL PRICE $2640.00 | 1 | 0.00 | 0.00 |
| Labor to complete project listed. | 8 | 95.00 | 760.00 |

| | |
|---|---|
| SUBTOTAL | 3,219.00 |
| TAX (8.05%) | 197.95 |
| TOTAL | 3,416.95 |

ROC #315709
www.IntegratedAutomationLLC.com
Follow us on Facebook and Instagram

# AFFIDAVIT OF TINA WOOLBRIGHT

County of Maricopa

Tina Woolbright, being first duly sworn, upon her oath, deposes and says:

1. My name is Tina Woolbright. I am a resident of Fountain Hills, Arizona.

2. My husband, Jeffrey Woolbright, owns a company called Integrated Automation which installs low voltage wiring and television equipment.

3. On April 10, 2020, my husband for his company was present on the premises of a local business called The Tap House. The purpose of my husband's presence at The Tap House on April 10, 2020 was to reconfigure an existing cable television system for The Tap House

4. I knew that my husband was performing work for The Tap House on April 10, 2020. I therefore ordered take-out food from The Tap House to take home for us to eat that evening.

5. While waiting for our take-out order to be completed, I drank a beer.

. . .

. . .

. . .

. . .

. . .

6. The Tap House was not open to the public for inside dining during my brief time at the premises to pick up a to-go order, and I did not observe anyone else using The Tap House as a dine-in restaurant.

FURTHER AFFIANT SAYETH NOT.

DATED this 23 day of September, 2020.

_____

SUBSCRIBED AND SWORN to before me this 23 day of September, 2020, by Tina Woolbright.

Notary Public

My Commission Expires: 5/31/2022



ALLISON FIORILLI SMITH
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 547346
Expires May 31, 2022

# AFFIDAVIT OF CHARLES ELLIS II

County of Maricopa

Charles Ellis II, being first duly sworn, upon his oath, deposes and says:

1. My name is Charles Ellis II. I am a resident of Fountain Hills, Arizona, and have lived in Fountain Hills, Arizona for the past three years.

2. I am familiar with the shopping center where the business known as The Tap House is located; however, I have never been to The Tap House.

3. There is another business called Phil's which is located in the same shopping center to purchase food.

4. I have not had any contact with the Maricopa County Sheriff's Office, and I have no idea how MCSO got may name to put in any report.

FURTHER AFFIANT SAYETH NOT.

DATED this 30th day of September, 2020.

_____

SUBSCRIBED AND SWORN to before me this 30th day of September, 2020, by Charles Ellis II.

_____
Notary Public

My Commission Expires: 11/08/2022

AERION GLAVAC-SKINNER
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 559547
Expires November 8, 2022