**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton M Gabaldon, et al., | No. CV-21-00621-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Maricopa, et al., | |
| Defendants. | |

Defendants Maricopa County and Deputy Wade Voeltz ("Defendants") have filed Motions to Dismiss Plaintiffs Milton Gabaldon ("Mr. Gabaldon") and MMDCNG, L.L.C. dba The Tap House Bar & Grill's ("the Bar") (collectively "Plaintiffs") First Amended Complaint ("FAC") (Docs. 44; 45). Both motions are fully briefed.[1] The Court must now decide whether Plaintiffs' FAC has alleged sufficient factual allegations to cure the prior deficiencies.[2]

---

[1] (Docs. 46; 47; 48). Plaintiffs raise new facts in the Response to Defendants' Motion to Dismiss, such as alleging that the Bar "was closed for any business" at the time of the citation, that "all doors of the restaurant were locked," and that Officer Voeltz walked in through the back door when the cook "briefly opened the locked door to take out the trash." (Doc. 46 at 4–5). However, the Court need not consider new factual allegations brought in response to a motion to dismiss if those allegations were not included or referenced in the complaint. *Schneider v. Cal. Dep't of Corr*., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Plaintiffs' Response (Doc. 46) also exceeds the seventeen (17) pages permitted under the Local Rules. *See* LRCiv 7.2(e)(1).

[2] Both parties requested oral argument on the matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. The Court will thus deny the requests for oral argument. See Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

## I. Background[3]

This case arises out of Defendants' enforcement of Governor Doug Ducey's COVID-19 Executive Order No. 2020-09 ("COVID Order"), which mandated that "all restaurants in counties of the State with confirmed cases of COVID-19 shall close access to on-site dining until further notice. Restaurants may continue serving the public through pick up, delivery, and drive-thru operations." (Doc. 1-2 at 2).[4]

### A. Plaintiffs' Alleged COVID Order Violations

Mr. Gabaldon owns the Bar and holds a liquor license issued by the State of Arizona. (Doc. 36 ¶ 3). Plaintiffs allege that during April 2020 the Bar "was a dine-in and take out restaurant, which sold both food and alcoholic beverages to its customers." (*Id*. at ¶ 7). As a result of the COVID Order, Plaintiffs allege the Bar "no longer provided in person dining to the public, but was only open for carry-out food services." (*Id.* at ¶ 7).

In accordance with the COVID Order, Plaintiffs allege that the Maricopa County Sheriff's Office ("MCSO") "created or adopted a custom, policy and/or practice of investigating and enforc[ing]" the COVID Order. (*Id*. at ¶ 9). Plaintiffs claim that part of that policy required officers to notify the State of Arizona Department of Liquor Licenses and Control ("Department") of potential COVID Order violations. (*Id*.)

During April of 2020, Plaintiffs allege that under the policy, Deputy Voeltz "conducted on-site investigations into alleged violations by Plaintiffs." (*Id*. at ¶¶ 10–11; Doc. 1-4 at 1). Based on those investigations, Deputy Voeltz reported alleged violations of the COVID Order.[5] (*Id*.) Plaintiffs allege the Bar was not occupied during these on-site investigations and that the investigations were "random, infrequent, . . . and unpredictable[.]" (*Id*. at ¶ 10). Thus, Plaintiffs say they had "no reasonable expectation that a police officer would be enforcing alleged liquor license violations[.]" (*Id*.)

---

[3] Unless otherwise noted, these facts are taken from Plaintiffs' FAC (Doc. 36). The Court will assume the FAC's factual allegations are true, as it must in evaluating a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] Plaintiffs incorporated Exhibit A of the original complaint to the FAC by reference. (Doc. 36 ¶ 9).

[5] A.R.S. § 4-210(A)(2) and A.R.S. § 4-210(A)(10).

- 2 -

Two months later, the Department notified Plaintiffs they had violated the COVID Order. (*Id.* at ¶ 13). The Department further stated those violations carried "monetary penalties of $3,500.00," and "[f]ollowing notice and a hearing, [the Department] has the authority to suspend, revoke or to refuse renewal of such liquor license." (*Id.*) Plaintiffs allege those allegations were false and unsupported by evidence, so they made several requests for a hearing with the Department, which was never granted. (*Id.* at ¶ 14).

**B.  Procedural History**

On April 10, 2021, Plaintiffs filed their original complaint (Doc. 1) alleging the following claims against Deputy Voeltz:

> (1) Deputy Voeltz entered a closed business in the absence of a warrant, without consent, and without any exceptions that would have allowed him to enter the premises;
>
> (2) Deputy Voeltz submitted findings to the Department which he knew or should have known were false and these false findings resulted in the issuance of the alleged violations of the Department statutes; and
>
> (3) Deputy Voeltz did not equally investigate and apply Governor Ducey's Orders during the COVID-19 pandemic.

(Doc. 1 at ¶ 21.C, D, E).

Plaintiffs seek to hold Maricopa County ("County") vicariously liable for Deputy Voeltz's actions. Plaintiffs' claim the County's policy and Deputy Voeltz's investigation and subsequent notification to the Department violated Article II sections 4 (due process), 8 (privacy), and 13 (equal protection) of the Arizona Constitution and the Fourth and Fourteenth Amendments of the U.S. Constitution. (*Id.* at ¶ 20.A, B, D). Plaintiffs also allege Deputy Voeltz's investigation of Plaintiffs was improper under A.R.S. Section 26-317 because that statute does "not apply to private businesses or its members." (*Id.* at ¶ 21.C).

In its prior Order, the Court granted Defendants' Motion to Dismiss Plaintiffs' original complaint because Plaintiff failed to allege a constitutional deprivation under either the state or federal due process clause, the search and seizure clause, or the equal

- 3 -

protection clause. (*See generally* Doc. 35). Plaintiffs have now filed the FAC, realleging violations under those same clauses and under A.R.S. Section 26-317. (Doc. 36 ¶ 20.A, B, C, D).

## II. Legal Standard

A motion to dismiss filed pursuant to the Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The test for dismissal under Rule 12(b)(6) is whether, taking a plaintiff's facts as true, the allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. The Court need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Discussion

The Court must decide whether Plaintiffs' FAC have cured the prior deficiencies in their original complaint. Plaintiffs must allege sufficient facts to support their state and federal claims against the County and Deputy Voeltz. Because of the clauses' similarities, the Court considers Plaintiffs' state and federal claims for violations of the due process clause, search and seizure, and equal protection clause together. *See Vong v. Aune*, 328 P.3d 1057, 1061 (Ariz. Ct. App. 2014) (considering plaintiff's "state and federal due process claims together because the respective due process clauses 'contain nearly identical language and protect the same interests'"); *see also State v. Mixton*, 478 P.3d 1227, 1231 (Ariz. 2021) (finding Arizona's Private Affairs Clause "is of the same general effect and purpose as the Fourth Amendment . . . ."); *Coleman v. City of Mesa*, 284 P.3d 863, 872 (Ariz. 2012) (construing Article 2, Section 13 of Arizona's Constitution "as applying the same standard as applies to equal protection claims under the federal constitution").

At the outset, the Court declines to reconsider that Plaintiffs' state law claims

against the County are barred. (Doc. 35 at 5).[6] The Court will first set forth the requirements Plaintiffs must meet to bring a federal claim against the County on a theory of respondeat superior. The Court will then determine whether Plaintiffs have stated claims for constitutional deprivations under the due process, search and seizure, and equal protection clauses of the Arizona Constitution and the Fourth and Fourteenth Amendments of the U.S. Constitution.

### A.   Respondeat Superior Against Maricopa County

Plaintiffs allege that the County is liable under federal law for Deputy Voeltz' actions when he investigated the Bar. (Doc. 36 at ¶ 19). To bring a federal claim against the County for the actions of one of its employees, Plaintiff must meet the standard established in *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability; the plaintiff must go beyond the respondeat superior theory and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit. *Id.* at 691. To establish liability under *Monell*, a plaintiff must show that (1) he was deprived a constitutional right; (2) the governmental unit had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001).

The Court previously found that Plaintiffs had successfully identified a policy or custom, namely the COVID Order, to support liability under *Monell*. (Doc. 35 at 6). Despite finding a policy, the Court dismissed Plaintiffs' claims because they failed to state

---

[6] Plaintiffs reallege that the County is liable under state law for the actions of Deputy Voeltz when he investigated the Bar. (Doc. 36 at ¶ 19). The Court already found that state law claims against the County, based on respondeat superior for torts allegedly committed by the employees of the Sheriff's office, were barred under *Fridena v. Maricopa Cnty.*, 504 P.2d 58, 61 (Ariz. Ct. App. 1972). (Doc. 35 at 5). The Court declines to revisit its holding that all state-law claims against the County are barred and dismissed under *Fridena*. (*Id.*)

- 5 -

any deprivation of a constitutional right that supported a claim for relief.[7]  As discussed below, Plaintiffs' FAC once again fails to adequately state a claim for a constitutional deprivation and will thus be dismissed.

### B.    Due Process Claims Against the County and Deputy Voeltz

Plaintiffs now allege that despite their efforts to request a hearing, the Department "did not grant Plaintiffs any hearing, and did not issue a notice of a scheduled hearing." (Doc. 36 ¶ 14).  Plaintiffs thus allege they "were not given notice of, nor any opportunity to, address the allegations made by Officer Voeltz." (*Id.*)  Plaintiffs contend the Department did not dismiss its administrative complaint with a warning until after this lawsuit was filed, which was allegedly after Plaintiffs had already incurred fees and costs defending the complaint. (*Id.*)

Both the Fourteenth Amendment of the U.S. Constitution and Article 2, Section 4 of Arizona's Constitution provide that "no person may be deprived of life, liberty, or property 'without due process of law.'" *Coleman*, 284 P.3d at 872.  Due process challenges may be procedural or substantive.[8] *See Vong v. Aune*, 328 P.3d 1057, 1061 (Ariz. Ct. App. 2014).  A procedural due process claim has two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021).

This Court previously found that Plaintiffs' state and federal due process claims against the County and Deputy Voeltz failed because the Department did not deprive Plaintiffs of their liquor license or collect a civil penalty.  (Doc. 35 at 8).  Plaintiffs FAC offers no additional facts that support his claim that Deputy Voeltz or the County deprived him of his life, liberty, or property without due process of law.  Although there was a threat

---

[7] Plaintiffs once again contend the COVID Order does not apply to them because under A.R.S. Section 26-317 they are neither "a private organization or member thereof". (Doc. 36 at ¶20.C).  The Court already found, however, that the applicability of this statute to Plaintiffs is a nonjusticiable issue. (Doc. 35 at n.5).

[8] Like Plaintiffs' original complaint, Plaintiffs' FAC fails to specify whether they bring a substantive or procedural due process claim.  (Doc. 36 at ¶ 21.C).

to Plaintiffs liquor license at the time of Deputy Voeltz's investigation, a threat of deprivation alone is not sufficient to trigger due process protections. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a claim under section 1983 requires an actual deprivation of a constitutional right—a threat of deprivation is not sufficient). Furthermore, since the Department dismissed the administrative complaint with a warning, Plaintiffs were not deprived of a liquor license or any other protected property interest. (Doc. 36 at ¶ 14).

Plaintiffs now appear to argue that the deprivation of their property results from the fees they incurred in seeking representation before the Department's administrative complaint was dismissed. (*Id.*) However, the fact that an aggrieved party hires counsel and spends money to defend itself does not implicate a constitutionally recognized interest. *Trenado v. Cnty. of Orange*, 2018 U.S. Dist. LEXIS 225985, at *22 (C.D. Cal. May 2, 2018) (holding that money and resources spent to hire private counsel to defend against a false representation did not implicate a recognized property interest under the due process clause).

In sum, Plaintiffs' FAC fails to allege sufficient facts to cure the deficiencies identified in this Court's prior Order. (Doc. 35 at 7, 8). Plaintiffs therefore fail to state a federal or state due process claim upon which relief can be granted.

**C.     Search and Seizure Claims Against the County and Deputy Voeltz**

Plaintiffs' FAC realleges that Deputy Voeltz "entered a closed business in the absence of a warrant, without consent, and without any exceptions that would have allowed him to enter the premises." (Doc. 36 at ¶ 21.D). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures." *State v. Mixton*, 478 P.3d 1227, 1231 (Ariz. 2021). The Arizona Constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." Ariz. Const. art. 2, § 8 ("Arizona Private Affairs Clause").

However, Arizona law provides an exception, stating that "[t]he director, the

director's agents and any peace officer may, in enforcing the provisions of this title, visit during the hours in which the premises are occupied and inspect the premises of a licensee." A.R.S. § 4-118. Nevertheless, Plaintiffs now allege that the bar "was not 'occupied' as defined in A.R.S. § 4-118." (Doc. 36 at ¶ 10). Plaintiffs thus argue Deputy Voeltz's search was not permissible under A.R.S. § 4-118 and violated their search and seizure rights under the Fourth Amendment. (*Id.*)

Plaintiffs' allegations fail for two reasons. First, "occupied" is not defined anywhere in the statute and the Court accordingly rejects this argument. *See* A.R.S. § 4-118. Second, the Court already found that peace officers may visit and inspect the premises when the premises are open for to-go orders and occupied by patrons. (Doc. 35 at 10). Plaintiffs' FAC still alleges that the Bar was "open for carry-out food services." (Doc. 36 at ¶ 7). Ms. Woolbright's affidavit provides that she "ordered take-out food from the [Bar]" and that "[w]hile waiting for [the] take-out order to be completed, [she] drank a beer," demonstrating that there were patrons inside of the premises waiting for to-go orders. (Doc. 1-6 at 2).[9] Accordingly, the Court declines to revisit its holding that Plaintiffs have not alleged a constitutional deprivation under either the Arizona Constitution's Privacy Clause or the U.S. Constitution's Fourth Amendment.[10]

Plaintiffs have therefore failed to cure the prior deficiencies and fail to state a search and seizure claim upon which relief can be granted.

**D.   Equal Protection Claims Against the County and Deputy Voeltz**

Plaintiffs' FAC realleges that "MSCO did not equally investigate and apply Governor Ducey's Executive Orders during the COVID pandemic." (Doc. 36 at ¶ 21.E). Plaintiffs now claim that this can be "illustrated by the failure to close businesses such as

---

[9] Plaintiffs incorporated Exhibit E of the original complaint to the FAC by reference. (Doc. 36 at ¶15.B).

[10] Plaintiffs' FAC attempts to invoke *Donovan v. Dewey*, 452 U.S. 594 (1980) by alleging that the search was "random, infrequent (non-existent until COVID 19[)], and unpredictable; and thus no reasonable expectation that a police officer would be enforcing alleged liquor license violations as a result of an Executive Order established as a result of COVID 19." (Doc. 36 at ¶10). However, the Court previously found that *Donovan* is not applicable here and Deputy Voeltz's search was permissible under A.R.S Section 4-118. (Doc. 35 at 10, 11).

Home Depot, Costco and others, while focusing their efforts on restaurants with liquor licenses." (*Id.*)

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *see also Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003). Article 2, Section 13 of Arizona's Constitution provides "[n]o law shall be enacted granting to any citizen . . . privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." *Coleman*, 284 P.3d at 872. "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano,* 345 F.3d at 1082. "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original).

Here, Plaintiffs' equal protection claims fail for the same reasons as before. Even viewing the allegations in the light most favorable to Plaintiffs, Plaintiffs fail to provide support for their claim that Deputy Voeltz acted with intent or purpose to discriminate against Plaintiffs or that Plaintiffs belong to a protected class. *See Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiffs' FAC adds one conclusory allegation—that the COVID Order was not applied equally because it allowed some businesses to remain open while others had to close. (Doc. 36 at ¶ 21.E). This additional broad allegation fails to cure the deficiencies identified in this Court's prior Order. (Doc. 35 at 12, 13). Plaintiffs therefore fail to adequately state an equal protection claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Maricopa County and Deputy Wade Voeltz's Motions to Dismiss (Docs. 44; 45) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' FAC (Doc. 36) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 27th day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge